||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRUCE ALLEN ROBERTS,                 )   CASE NO. CV 10-6888-PSG (PJW)
                                     )
              Petitioner,            )
                                     )   [PROPOSED] ORDER DISMISSING
         v.                          )   PETITION WITHOUT PREJUDICE
                                     )
NORWALK SUPERIOR COURT,               )
                                     )
              Respondent.            )
_____)

     On September 15, 2010, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), seeking to challenge a June 2010 state conviction and four-year sentence that followed. (Petition at 2.) Although the Petition is difficult to decipher, it appears that Petitioner is contending that the state court should not have relied on a prior conviction to enhance his sentence. (Petition, Attached Statement of Facts.) In screening the Petition, it was clear to the Court that Petitioner had not exhausted this claim by presenting it to the state supreme court. As a result, on September 20, 2010, the Court ordered Petitioner to show cause as to why the Petition should not be dismissed for failure to exhaust. On October 25, 2010, the Court dismissed the Petition without prejudice.

1    Upon learning that Petitioner did not receive the September 20,
2 2010 Order to Show Cause, the Court vacated its order and judgment
3 dismissing the Petition.  On November 18, 2010, the Court once again
4 ordered Petitioner to show cause as to why the Petition should not be
5 dismissed for failure to exhaust his claim.  Petitioner has not
6 responded to the Court's order.  A check of the state court website
7 shows that Petitioner has a habeas corpus petition (S186972) pending
8 before the California Supreme Court, but that the court has yet to
9 rule on it.
10   As a matter of comity between state and federal courts, a federal
11 court generally will not address the merits of a habeas corpus
12 petition unless the petitioner has first exhausted his state remedies.
13 *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Indeed, Congress has
14 provided that this Court cannot grant a habeas petition unless the
15 claims have been exhausted or there is no available state corrective
16 process.  *See* 28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a
17 petitioner must fairly present his contentions to the state courts,
18 and the highest court of the state must dispose of them on the merits.
19 *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  A district
20 court may raise a failure to exhaust *sua sponte*.  *Stone v. San
21 Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)
22   In this case it is clear that Petitioner's claim is not exhausted
23 because the state supreme court has yet to rule on it.  As such, he
24 cannot pursue his claim in this court.  Nor is he entitled to a "stay
25 and abey"--allowing him to stay his case in this court while he waits
26 for the supreme court to rule on his claim--because he has not raised
27 any exhausted claims along with his unexhausted one.  *See Raspberry v.
28 Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  In short, because the

only claim before the Court is unexhausted, the Petition is subject to dismissal. *Id.* ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Accordingly, the Petition is hereby dismissed without prejudice.[1]

IT IS SO ORDERED

DATED:  February 22, 2011  .

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesE1EF34\CV 10-6888 PSG (PJW) ORD.wpd

---

[1] The Court notes that Petitioner appears to be concerned about the one-year statute of limitations running on his claim. According to Petitioner, however, he was convicted in June 2010--only three months before he filed the instant Petition--and has filed a habeas corpus petition in the California Supreme Court, which will toll the statute of limitations (assuming that petition was properly filed). Thus, this dismissal without prejudice does not foreclose Petitioner from raising his claim in this court once the state supreme court rules on it.